IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| AZEM LIMANI, et al., | |
|---|---|
| Plaintiffs, | Case No. 3:09-cv-0129-RRB |
| vs. | |
| FIRST AMERICAN TITLE, INC., et al., | **ORDER OF DISMISSAL** |
| Defendants. | |

I.  INTRODUCTION

Before the Court is Defendant First American Title Company, Inc. ("First American") with a Motion to Dismiss at Docket 8 and Defendant Dan O'Phelan with a Motion to Dismiss at Docket 30. First American moves for dismissal based on lack of personal jurisdiction, failure to state a claim on which relief can be granted, and the passing of the statute of limitations, among other reasons.[1] O'Phelan seeks dismissal based on the doctrine of issue preclusion, citing the decision of the Superior Court of the State of Alaska in Azem Limani v. Law Office of Dan O'Phelan, Daniel J.

---

[1] Docket 9 at 1.

O'Phelan and First American Title Company, Inc., Case No. 3AN-05-8573 CI. In that case, the Superior Court dismissed First American for lack of personal jurisdiction, then dismissed the entire case under Rule 19 for failure to join an indispensable party due to First American's absence from the litigation.

Limani opposes both motions. After reviewing the parties' briefs, the Court concludes that oral argument is neither necessary nor warranted.

**II.   BACKGROUND**

This case stems from a May 2005 real estate conveyance of a parcel of Hawaiian real estate owned by Limani through holding company Brilliant Sun Corporation. O'Phelan, acting under a power of attorney given him by Limani, sold the property to a third party, allegedly against Limani's wishes.[2] First American was the title insurer and closing agent for that purchase.[3] First American is a Hawaii corporation which is a subsidiary of First American Title Insurance Company, Ltd.[4]

---

[2]    Docket 1 at 4-5.

[3]    Docket 9 at 3.

[4]    First American Title Company, Inc. Company Profile, http://www.firstam.com/title-hi/html/about/1000.html (last visited Nov. 16, 2009).

ORDER OF DISMISSAL - 2
3:09-CV-0129-RRB

Limani originally sued both O'Phelan and First American, among others, in Alaska Superior Court, alleging that they conspired to close the sale without his approval. The Superior Court dismissed First American as a Defendant based on a lack of personal jurisdiction in Alaska.[5] The court then dismissed the case under Rule 19, finding that First American was an indispensable party and that the dismissal was not prejudicial to Limani because he was free to bring his suit in Hawaii.[6] Limani then brought suit in 2007 in Hawaii State Court, but that case was dismissed due to Limani's failure to serve process on O'Phelan.[7]

The present suit was filed on June 23, 2009.

### III. STANDARD OF REVIEW

"'Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties.'"[8] "'[T]he doctrine of collateral estoppel can apply to preclude relitigation of both issues of law

---

[5] Docket 30, Exhibit 1.

[6] Docket 30, Exhibit B.

[7] Docket 30, Exhibit C.

[8] Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 910, (quoting Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995)).

ORDER OF DISMISSAL - 3
3:09-CV-0129-RRB

and issues of fact if those issues were conclusively determined in a prior action.'"[9]

**IV. DISCUSSION**

If O'Phelan's Motion to Dismiss is granted, it would render First American's motion moot. Indeed, if the State Court's refusal to exercise personal jurisdiction over First American is given preclusive effect, then this Court has no jurisdiction to address First American's substantive objections to Limani's Complaint.

According to O'Phelan, Limani is precluded from re-litigating the question of whether First American is subject to jurisdiction in Alaska and the question of whether First American is an indispensable party because the Alaska Superior Court has already ruled on these issues. Rule 41(b) of the Rules of Civil Procedure provides that neither a dismissal for lack of personal jurisdiction nor a dismissal for failure to join an indispensable party are "an adjudication on the merits."[10] Therefore, such a dismissal does not preclude the Plaintiff from bringing the same claims in a subsequent suit.

Although the claims themselves are not barred by a Rule 19 or jurisdictional dismissal, the doctrine of issue preclusion, or

---

[9] Id. (quoting United States v. Stauffer Chem. Co., 464 U.S. 165, 170-71 (1984)).

[10] Fed. R. Civ. P. 41(b).

ORDER OF DISMISSAL - 4
3:09-CV-0129-RRB

Case 3:09-cv-00129-RRB   Document 46   Filed 11/16/09   Page 4 of 7

collateral estoppel, will bar the Plaintiff from relitigating in Federal Court the jurisdictional and Rule 19 issues previously ruled upon by a State Court. The Ninth Circuit has specifically held that "a final determination in the state court on the jurisdictional issue is conclusive in the subsequent federal litigation if the later suit is between the same parties, on the same issue, and if the issue sought to be precluded was actually litigated and necessary to the prior determination."[11]

In the State Court case, Limani had a full opportunity to litigate the issue of whether First American had sufficient contacts with the State of Alaska in order to create personal jurisdiction. The Superior Court's jurisdictional determination was necessary to its dismissal of First American. Limani has not "pleaded any new facts in the federal litigation that would support a different result on the issue of jurisdiction."[12] Therefore, Limani is precluded from relitigating that issue in this Court and First American should be dismissed for lack of personal jurisdiction.

---

[11] Kendall v. Overseas Development Corp., 700 F.2d 536, 538 (9th Cir. 1983) (citing 1B J. Moore & T. Currier, Moore's Federal Practice 0.441[2], at 3777 (2d ed. 1982); Restatement (Second) of Judgments § 27 (1980)).

[12] Kendall at 539.

Although the Ninth Circuit has never specifically addressed the preclusive effect of a State Court's Rule 19 dismissal, there is no reason why collateral estoppel should not apply to this determination as well. Wright, Miller and Cooper's treatise explains that a prior determination of a joinder issue should be given the same credit as a jurisdictional ruling:

> Civil Rule 41(b) provides that dismissal for failure to join a party under Civil Rule 19 does not operate as an adjudication upon the merits. This provision reflects the long-settled rule that the dismissal does not bar a new action that corrects the deficiency of parties. The reasons that support this practice parallel the considerations that govern dismissals for lack of jurisdiction. Just as with matters of jurisdiction, then, issue preclusion should defeat any effort to relitigate the same joinder issue in a second action.[13]

Limani had his opportunity to litigate whether First American was an "indispensable party" in the State Court case. Limani has not shown why the result should be any different in proceedings before this Court. Therefore, all remaining Defendants should be dismissed due to Limani's failure to properly join an indispensable party.

The Court also observes that Limani has brought into question this Court's subject matter jurisdiction, with the following comment:

> First American alleges defendant Daniel O'Phelan ("O'Phelan") is a resident of Hawaii. This is incorrect.

---

[13] 18A Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 4438, at 187 (2002) (citations omitted).

ORDER OF DISMISSAL - 6
3:09-CV-0129-RRB

> Dan O'Phelan maintains a residence and an office in Anchorage, Alaska, along with his Hawaii office.[14]

If the implication of this statement is that O'Phelan is an Alaska resident, then the diversity jurisdiction of this Court would be extinguished. The Court, however, need not reach this issue because there are other sufficient grounds for dismissal.

**V.    CONCLUSION**

Because the Superior Court for the State of Alaska has already ruled on the issue of personal jurisdiction over First American, Limani is precluded from relitigating that issue here. Moreover, Limani is collaterally estopped from relitigating the dismissal of its claims against O'Phelan under Rule 19. For the foregoing reasons, O'Phelan's Motion to Dismiss at **Docket 30** is **GRANTED.** First American's Motion to Dismiss at **Docket 8** is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

ENTERED this 16th day of November, 2009.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT COURT

---

[14]    Docket 15 at 1.

ORDER OF DISMISSAL - 7
3:09-CV-0129-RRB